

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| VS. | § § § | 3:01-CV-1852-K |
| KNOX PARK CONSTRUCTION, INC., et al. | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are several motions, including Defendant Landmark Insurance Co.'s ("Landmark") Motion for Summary Judgment.

**I.      Background**

This is a declaratory judgment action brought by Scottsdale Insurance Company ("Scottsdale") against Landmark and the other Defendants in connection with a state court construction defect lawsuit. Defendant Knox Park Construction, Inc. ("Knox Park") sued Scottsdale's policyholder in the underlying state court action. In this action, Scottsdale seeks a declaration that Landmark, not Scottsdale, owed the obligation to defend and indemnify Scottsdale's policyholder in the state court suit. This Court previously granted summary judgment in favor of Landmark. The Court ruled that Scottsdale's coverage was primary and Landmark's was excess. The Court further held

that Scottsdale had the duty to defend the related state court lawsuit. Scottsdale then settled the state court suit with a payment of $535,000, a sum within Scottsdale's primary policy limits.

## II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *U. S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. Analysis

In its previous determination of Landmark's Motion for Summary Judgment, the Court reasoned that "generally, when an insured maintains both primary and excess

policies, the excess liability insurer is not obligated to participate in the defense of the insured until the limits of the primary policy are exhausted." Mem. Op. at 6; *see also Texas Employer Ins. Assoc. v. The Underwriting Members of Lloyds*, 836 F. Supp. 398, 404 (S.D. Tex. 1993); *Keck, Mahin, & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 700 (Tex. 2000). Specifically the Court held that "by the language of the respective insurance policies in this case, Scottsdale is the primary carrier and Landmark is the excess carrier." Mem. Op. at 7.

The underlying state court case was then settled by a $535,000 payment within Scottsdale's primary policy limits. Landmark is again entitled to summary judgment because the payment by Scottsdale of an amount within its policy limits failed to trigger Landmark's excess coverage.

The Landmark policy states: "We will pay those sums the insured becomes legally obligated to pay for 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' as 'property damage' to which this insurance applies: as a matter of law." The policy defines "Retained Limit" as the greater of:

    a.    The sum amounts applicable to any "claim" or "suit" from:
        (1)    "Underlying insurance," whether such "underlying insurance" is collective or not; and
        (2)    Other collectible primary insurance; or

    b.    The "self insured retention."

It is uncontroverted that "underlying insurance" refers to the applicable Scottsdale policy. Therefore, applying the Landmark policy definition of "retained limit" it is clear

that the retained limit is the amount of applicable underlying insurance pursuant to the Scottsdale policy, i.e. $1,000,000.

Scottsdale has presented no evidence of an "ultimate defined loss" in excess of Scottsdale's primary policy limits of $1,000,000 which would trigger Landmark's excess coverage. The state court lawsuit was settled for $535,000, an amount completely within the primary limits of the Scottsdale policy. Thus, there is no evidence of any ultimate net loss for which any Landmark insured is legally obligated.

Texas case law is clear that all primary policies must be exhausted before excess policies become liable. *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 888 F. Supp. 1372, 1381 (S.D. Tex. 1995). Excess coverage can only begin when a loss exceeds the policy limits of all underlying policies. In this case, a Scottsdale payment in excess of $1,000,000 was required to trigger the Landmark excess coverage because Landmark's excess coverage only exists above the $1,000,000 retained limit. The Scottsdale coverage had to be exhausted before Landmark's coverage could be triggered, and Scottsdale's payment of $535,000 pursuant to the state court settlement agreement did not trigger an obligation by Landmark.

### IV. Conclusion

The Court previously ruled that Scottsdale's Policy is primary and Landmark's Policy is excess. Scottsdale has put forth no evidence that the limits of its primary coverage have been exhausted In fact, the summary judgment evidence establishes the

contrary — that the primary Scottsdale coverage was not exhausted and there was no ultimate net loss in excess of the retained limit represented by the Scottsdale Policy that Landmark is required to pay. For these reasons, Landmark's Motion for Summary Judgment is **GRANTED**.

In addition to Landmark's Motion for Summary Judgment, several other motions are also pending before the Court. Having considered the merits of each, the Court rules as follows. Scottsdale and Knox Park's Motion for Summary Judgment, Motion to Reconsider Default Judgment, and Motion to Strike are **DENIED**. Landmark's Motion to Preclude Expert Testimony at trial is **DENIED** as moot.

**SO ORDERED.**

Signed July 5, 2005.

ED KINKEADE
UNITED STATES DISTRICT JUDGE